Approved: _____    **ORIGINAL**
SIDHARDHA KAMARAJU / JASON M. SWERGOLD
Assistant United States Attorneys

Before:   HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

# 16 MAG 2951

- - - - - - - - - - - - - - - - - - - - - x
                                           :
UNITED STATES OF AMERICA                    :
                                           :
          - v. -                            :    **SEALED COMPLAINT**
                                           :
SEGUNDO EMILIO LOPEZ LOPEZ,                  :    16 Mag.
EDUARDO VINCENTE PALMA BARCIA, and          :
ALEXI RAMON PILLASAGUA BAQUE,                :    Violation of 46 U.S.C.
                                           :    §§ 70503(a)(1),
                      Defendants.           :    70504(b)(1), and
                                           :    70506(a) & (b)
- - - - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        ANDRES MAHECHA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD") and a Task Force Officer with the Department of Homeland Security ("HSI"), and charges as follows:

COUNT ONE
(Conspiracy To Violate Maritime Drug Enforcement Laws)

        1.    In or about April 2016, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, SEGUNDO EMILIO LOPEZ LOPEZ, EDUARDO VINCENTE PALMA BARCIA, and ALEXI RAMON PILLASAGUA BAQUE, the defendants, who will be first brought to and enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

        2.    It was a part and an object of the conspiracy that SEGUNDO EMILIO LOPEZ LOPEZ, EDUARDO VINCENTE PALMA BARCIA, and ALEXI RAMON PILLASAGUA BAQUE, the defendants, and others known and unknown, would and did manufacture and distribute, and

possess with intent to manufacture and distribute, a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1).

3.    The controlled substance that SEGUNDO EMILIO LOPEZ LOPEZ, EDUARDO VINCENTE PALMA BARCIA, and ALEXI RAMON PILLASAGUA BAQUE, the defendants, conspired to manufacture and distribute, and possess with intent to manufacture and distribute, on board a vessel subject to the jurisdiction of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506(a).

(Title 46, United States Code, Sections 70506(b) & 70504(b)(1);
Title 18, United States Code, Section 3238.)

COUNT TWO
(Violation of Maritime Drug Enforcement Laws)

4.    In or about April 2016, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, SEGUNDO EMILIO LOPEZ LOPEZ, EDUARDO VINCENTE PALMA BARCIA, and ALEXI RAMON PILLASAGUA BAQUE, the defendants, who will be first brought to and enter the United States in the Southern District of New York, manufactured and distributed, and possessed with intent to manufacture and distribute, while aboard a vessel subject to the jurisdiction of the United States, five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 46, United States Code, Sections
70503(a)(1), 70504(b)(1), 70506(a);
Title 18, United States Code, Sections 3238 & 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

5.    I am a Detective with the NYPD and Task Force Officer with HSI.  This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of

2

documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

      6.    Based on my participation in the investigation, my conversations with other law enforcement agents, and my review of documents obtained during the investigation, I have learned, among other things, that:

      a.    HSI has been investigating a Colombian drug cartel (the "Cartel") that sends shipments of cocaine to various points around the world by, among other methods, panga boats or "go-fasts." In or about April 2016, HSI received information that the Cartel was sending a go-fast carrying a large shipment of cocaine from Colombia. HSI passed that information on to the United States Coast Guard ("Coast Guard").

      b.    On or about April 27, 2016, a Coast Guard helicopter ("Helicopter-1") was on routine patrol approximately 251 nautical miles off the coast of the border between Guatemala and El Salvador. While there, an occupant of Helicopter-1 observed what appeared to be a go-fast boat (the "Go-Fast") traveling north. Helicopter-1 communicated this information to the Coast Guard command, which dispatched a Coast Guard cutter ("the Cutter") to intercept the Go-Fast, which was later determined to be named "Jehova Enti Confio."

      c.    Helicopter-1 observed bales that had been jettisoned from the Go-Fast, and marked the location for future recovery. The Cutter launched its own helicopter ("Helicopter-2") and a patrol boat (the "Patrol Boat"), which proceeded to intercept the Go-Fast. Helicopter-2 fired warning shots at the Go-Fast, but the Go-Fast did not stop. Helicopter-2 then fired additional shots, which disabled the Go-Fast's engines.

      d.    After the Go-Fast stopped moving, the Patrol Boat arrived on scene and occupants of the Patrol Boat (the "Boarding Team") gained control of the Go-Fast. The Boarding Team then boarded the Go-Fast, where they found SEGUNDO EMILIO LOPEZ LOPEZ, EDUARDO VINCENTE PALMA BARCIA, and ALEXI RAMON PILLASAGUA BAQUE, the defendants. The Boarding Team observed that the Go-Fast was not flying any flag and did not have any registry documents onboard.

      e.    On the hull of the Go-Fast, the Boarding Team observed an illegible registry number and the homeport of Manta, Ecuador. In response to questioning by members of the Boarding Team, the master of the Go-Fast, SEGUNDO EMILIO LOPEZ

LOPEZ, the defendant claimed Ecuadorian nationality for the vessel.

f.    Pursuant to a bilateral treaty with Ecuador, the Coast Guard consulted with Ecuadorian authorities, who could neither confirm nor deny that the Go-Fast was of Ecuadorian nationality.

g.    The Coast Guard recovered approximately fourteen bales from the water.  A sample from the bales was field-tested, and the testing revealed that the sample contained cocaine.  In total, the fourteen bales contained approximately 901 kilograms of cocaine.

WHEREFORE, the deponent respectfully requests that warrants be issued for the arrest of SEGUNDO EMILIO LOPEZ LOPEZ, EDUARDO VINCENTE PALMA BARCIA, and ALEXI RAMON PILLASAGUA BAQUE, the defendants, and that they be imprisoned or bailed, as the case may be.

ANDRES MAHECHA
Detective, NYPD

Sworn to before me this
6th day of May, 2016

HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

4